## MOSES B. SMITH *vs.* CLARK GOULDING.

An agreement not to claim damages for flowing one's land, if the other party will erect a dam and mill, is not the conferring of any right, interest, or easement in land, but only a waiver of a claim for pecuniary damages, and need not be in writing.

THIS was a complaint, under the Rev. Sts. *c.* 116, for flowing, tried before *Mellen*, J., in the court of common pleas.

The respondent admitted that he flowed the land of the complainant as set forth in the complaint, but contended that he had a right to flow the same by virtue of a parol agreement entered into between him and the complainant prior to erecting his dam and mill, in pursuance of which agreement, the respondent had erected and continued his dam and mill.

The respondent also contended, that if a license and permission by parol to flow the complainant's land was given to him by the complainant, there never having been any revocation of such license and permission other than might be inferred from the filing of this complaint, the complaint could not be maintained.

The respondent introduced evidence to prove the agreement alleged by him; and the judge, for the purpose of ascertaining the facts, directed the jury to find what agreement, if any, was made between the complainant and respondent; but ruled that if they found such a parol agreement, as the respondent set up, yet the agreement, and the acts of the parties in pursuance thereof, would be no bar to this complaint; and also that no other revocation of the license or permission to flow was

necessary to maintain the present complaint than the filing of the complaint, which was the only revocation insisted upon by the complainant.

The jury under these instructions found a general verdict for the complainant, and also "that the complainant agreed by parol with the respondent, prior to erecting his dam and mill, that if the respondent would erect the same, the complainant would give the respondent the privilege of flowing his land, as long as he kept up a mill, and that the respondent in pursuance of the agreement proceeded to erect and did erect and has continued his dam and mill to the present time."

To the foregoing rulings and instructions of the presiding judge, the respondent excepted.

*F. H. Dewey,* for the respondent.

*J. H. Hill,* for the complainant, cited *Seidensparger* v. *Spear,* 5 Shep. 123; Angell on Watercourses, § 387; *Miller* v. *Auburn and Syracuse Railroad,* 6 Hill, 61; ——— v. *Deberry,* 1 Hayw. 248; *Fentiman* v. *Smith,* 4 East, 107; *Cook* v. *Stearns,* 11 Mass. 533; *Cobb* v. *Hampshire & Hampden Canal,* 18 Pick. 340; *Fitch* v. *Seymour,* 9 Met. 462.

SHAW, C. J.    It appears to us, that the direction was not correct.   The right of the respondent to erect his mill, and thereby flow the complainant's land, was not founded on the complainant's permission ; it was a right derived from the statute, which, as owner of the land, the complainant could not prevent or control.   The only effect of the agreement found by the jury, therefore, was, that in case the respondent should so erect his mill, the complainant could claim no damages.   It was not an agreement by which any right, interest, or easement in land was to be conferred, and therefore not within the statute requiring such conveyances to be in writing.   It was a claim for pecuniary damages, and therefore might be waived by a parol agreement.   *Fuller* v. *Plymouth,* 15 Pick. 81; *Seymour* v. *Carter,* 2 Met. 520.

But if this agreement could be construed to be a license only, it would be good until revocation ; and if this complaint was construed to be a revocation, it would not warrant a claim for damages until the respondent had time to remove the dam

But such revocation could not take away the right of the respondent to maintain his mill and flow the complainant's land; if any thing, it would be only a revocation of the assent to flow his land without paying damages. Whether he would have a right to revoke such assent, after the respondent had been at the cost of building a mill upon the faith of it, is not now in question.                    *Verdict set aside.*